United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOHNSON, | No. C-14-01710 DMR |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO ET AL, | |
| Defendants. | |
| _____/ | |

    Plaintiff Ronald Johnson filed a Complaint and an application for leave to proceed *in forma pauperis* ("IFP") on April 14, 2014. [Docket Nos. 1, 3.] On May 30, 2014, the court granted the application to proceed IFP and dismissed the Complaint with leave to amend. [Docket No. 7.] The court ordered Plaintiff to file an amended complaint by no later than June 16, 2014.

    Plaintiff filed an Amended Complaint on June 11, 2014.[1] [Docket No. 8.] Plaintiff's Amended Complaint fails to cure the deficiencies identified in the court's May 30, 2014 order. Specifically, Plaintiff fails to allege any facts that would support an actionable federal claim for

---

[1] On June 19, 2014, Plaintiff filed a "Proof of Service," in which an individual, Mavis Felicien, states she personally served the summons on Defendant City and County of San Francisco. [Docket No. 9.] However, as Plaintiff has not filed a complaint that satisfies review under 28 U.S.C. § 1915(e)(2)(B), the Clerk of the Court has not issued a summons for Defendant. Accordingly, service of the summons has not been properly effected pursuant to Federal Rule of Civil Procedure 4(b).

1 violation of either the Due Process Clause or the Equal Protection Clause.  Although he alleges that his "Fourteenth Amendment rights" were violated "[b]ecause of his race," he does not discuss what actions Defendant City and County of San Francisco took that constitute a constitutional violation.

"[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).  The court granted Plaintiff the opportunity to amend his Complaint to address its deficiencies.  Plaintiff did not do so. Accordingly, this action is dismissed with prejudice.[2]

IT IS SO ORDERED.

Dated: July 1, 2014



DONNA M. RYU
United States Magistrate Judge

---

[2]  A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).  However, in cases such as this one, where the plaintiff has consented but not served the defendant, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'"  *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).